UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY HURLEY,<br><br>**Plaintiff,**<br><br>v.<br><br>JEFFREY FATA, GSA NJ MANAGEMENT CENTER, MUKUND PATEL, FEDERAL HOUSING FINANCE AGENCY, UNITED STATES OF AMERICA, JOHN/JANE DOES 1-10 AND ABC CORP. 1-10 (FICTITIOUS NAMES),<br><br>**Defendants.** | Civ. No. 19-15624 (KM) (MAH) |
| TERRY HURLEY,<br><br>**Plaintiff,**<br><br>v.<br><br>JEFFREY FATA, GSA NJ MANAGEMENT CENTER, MUKUND PATEL, JOHN/JANE DOES 1-10 AND ABC CORP. 1-10 (FICTITIOUS NAMES),<br><br>**Defendants.** | Civ. No. 19-15632 (KM) (MAH)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

Pending before the Court are the motions of defendant the United States of America (Dkt. No. 19-cv-15624 DE 5; Dkt. No. 19-cv-15632 DE 3) to dismiss complaints filed by plaintiff Terry Hurley in the two above-captioned cases.

1

A brief word on the procedural history of these related actions. On May 1, 2019, plaintiff filed his first complaint in the Superior Court of New Jersey. (Dkt. No. 19-cv-15632 at DE 1 at 7). That complaint was filed against Jeffery Fata, GSA NJ Management Center ("GSA"), Mukund Patel, John/Jane Does 1-10, and ABC Corp. 1-10. On July 5, 2019, plaintiff filed his second complaint in the Superior Court of New Jersey. (Dkt. No. 19-cv-15624 at DE 1 at 7). Both complaints' allegations are based on the same underlying conduct. The difference is that in the second complaint, Hurley added as defendants the United States of America and the Federal Housing Finance Agency ("FHFA") and increased the number of fictious defendants to 15, *i.e.* John/Jane Does 1-15 and ABC Corp. 1-15. (*Id.*).

On July 19, 2019, the United States removed both actions and substituted itself for all federal defendants pursuant to the Federal Tort Claims Act. ("FTCA"). (DBr. at 6).

On August 9, 2019, the United States moved to dismiss the complaints for lack of subject-matter jurisdiction because the plaintiff failed to exhaust the FTCA's administrative prerequisites before filing his complaint. (DBr. at 5).

Hurley, for his part, does not dispute that he failed to exhaust his administrative remedies. (Hurley Opp. at 1). Hurley also seemingly concedes that dismissal is warranted. He only requests that if dismissal is granted, it be done without prejudice; in the alternative, he requests that the motion to dismiss be held in abeyance while he exhausts administrative remedies. (*Id.* at 2). Defendant Patel did not move to dismiss, but joins in plaintiff's request to stay this action rather than dismiss it. (Patel Opp.). The United States seeks dismissal and opposes the request for a stay. (Reply at 4–6).

For the reasons explained below, I will grant the motions to dismiss.

I.  **Summary**[1]

On July 5, 2007, a three car motor-vehicle accident occurred on the New Jersey Turnpike. At the time, Mr. Hurley was driving southbound on the Turnpike near mile 94.5 when he was struck by another vehicle operated by Mr. Fata. ('624 Compl. Count I, ¶¶ 1–2).[2] At the time of the accident, the complaints assert that Mr. Fata was operating his motor vehicle in the course of his employment for the owner of the vehicle, GSA. (*Id.* ¶ 2). The '624 Complaint adds as an allegation that Mr. Fata was operating the vehicle in the course of his employment for FHFA (*Id.* ¶ 3) and that the GSA and FHFA negligently hired Mr. Fata (*Id.* ¶ 4). Both complaints allege that as a result of Mr. Fata's negligence, Mr. Hurley sustained injuries, expenses, and damages. (*Id.* ¶ 5). Specifically, Mr. Hurley sustained injuries to his head, back, limbs, and body. (*Id.* ¶ 6). Mr. Hurley's car was also damaged, requiring extensive repairs. ('624 Compl. Count III, ¶ 2).

The complaints additionally assert that another individual, defendant Mukund Patel, was operating a motor vehicle in a negligent and careless

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"'624 Compl." = The complaint filed by Ms. Hurley in Dkt. No. 19-cv-15624 [DE 1].

"DBr." = The motion to dismiss filed by the United States of America. [Dkt. No. 19-cv-15632 DE 3; Dkt. No. 19-cv-15624 DE 5].

"Hurley Opp." = The opposition brief filed by Hurley [Dkt. No. 19-cv-15632 DE 10; Dkt. No. 19-cv-15624 DE 8].

"Patel Opp." = The opposition brief filed by Patel in the 19-cv-15632 action [DE 9].

"Reply" = The reply brief filed by the United States of America [Dkt. No. 19-cv-15632 DE 11; Dkt. No. 19-cv-15624 DE 9].

[2] Although the two complaints do not name all of the same defendants, the factual allegations in the "'624 Compl." are substantively identical to those in the related action, 19-cv-15632. For simplicity, unless otherwise indicated, I will cite only to the facts alleged in the "624 Compl.," which are also relevant to the motion to dismiss the 19-cv-15632 action.

3

manner when he collided with plaintiff's car. ('624 Compl. Count II, ¶ 3). Mr. Patel is not a federal employee and does not join the motions of the United States to dismiss.

As noted above, on May 1 and July 5, 2019, plaintiff filed two separate complaints in the Superior Court of New Jersey. Prior to filing his complaints, Mr. Hurley did not submit an administrative tort claim to the GSA or the FHFA. (DE 5-2 (Dawn Austin Declaration) at 1–2; DE 5-3 (Brian Terhaar Declaration) at 2). On July 5, 2019, the same date he filed his second court complaint, plaintiff attempted to file an administrative tort claim with the GSA. (*See* DE 5-4 (John F. Basiak Jr. Declaration) at 1–2, 4).

## II. Discussion

### a. Legal standard

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977). A necessary corollary is that the court can raise sua sponte subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176

(3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Id.* Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008). Here, the standard matters little, as the plaintiff does not dispute the government's evidence that he failed to exhaust administrative remedies before suing.

### b. Failure to Exhaust Under FTCA

The United States argues that the complaints must be dismissed because Hurley failed to exhaust administrative prerequisites as required by the FTCA. (DBr. at 8–10).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued" and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA is a limited waiver of that sovereign immunity. Subject to a number of exceptions and conditions, it allows a plaintiff to recover damages for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b); 2679(b)(1). One of those conditions is that a plaintiff may not bring suit against the United States "unless [he] shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

As to such FTCA claims, the only proper defendant is the United States itself. On that basis, claims brought against parties other than the United States, such as federal agencies or individuals, are routinely dismissed. *See*

5

*Priovolos v. FBI*, 632 F. App'x 58, 60 (3d Cir. 2015); *Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1074 (D.N.J. 1995) (dismissing FTCA claims against federal agency and federal employee because only proper defendant would be the United States).

"Exhaustion of all administrative remedies under the FTCA 'is jurisdictional and cannot be waived.' *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971)." *Dunn v. Samuels*, No. CV 16-3558(RMB), 2016 WL 3621122, at *3 (D.N.J. July 6, 2016); *accord Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). "Strict compliance with Section 2675(a) is required to establish subject matter jurisdiction over an FTCA suit. *See e.g., Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)." *Hermann v. United States*, No. 15-6682 (RBK/AMD), 2016 WL 3512112, at *1 (D.N.J. June 27, 2016).

Because exhaustion of administrative remedies is not just a requirement but a *pre*-requisite to suit, the relevant time for measuring exhaustion is the date of filing the complaint. In *McNeil v. United States*, for example, the Court upheld the dismissal of a *pro se* plaintiff's claim under the FTCA where the plaintiff had filed a claim for administrative relief, but only after filing suit. 508 U.S. 106, 111–12 (1993). Nor, in such a case, can jurisdiction be restored by subsequent administrative action and the filing of a post-exhaustion amended complaint. *Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005).

Here, plaintiff does not dispute that he failed to exhaust the FTCA's administrative prerequisites prior to filing his complaints. (Hurley Opp. at 1). Plaintiff instead contends that an SF-95 claim form was prepared and filed after filing his complaints upon learning of the United States' involvement. (*Id.*). To the extent Hurley has filed for administrative relief with respect to his negligence claims, he did so, like the plaintiff in *McNeil*, only *after* initiating these actions. And even if the administrative claim had been filed (which it had not), it surely had not been "finally denied by the agency in writing." 28 U.S.C. § 2675(a).

It follows that this Court lacks subject matter jurisdiction to entertain Hurley's negligence claims. The United States' Rule 12(b)(1) motion to dismiss is therefore granted. Because amendment would not cure the jurisdictional defect as a matter of law, leave to further amend the complaint is denied as futile, and this court's order of dismissal is final.

### c. Supplemental jurisdiction

For the reasons expressed above, the complaints contain no viable federal causes of action against the United States. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c); *see also Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). Where, as here, the federal claims are dismissed at the early stage of litigation, declination of supplemental jurisdiction is fairly routine. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). *A fortiori*, where the court never had federal-question jurisdiction in the first place, it may dismiss any supplemental state claims.

This case is in its early stages, and discovery has yet to commence. The federal claims have been dismissed for lack of jurisdiction. The supplemental state tort claims asserted against Mr. Patel (Counts 2 and 3 in both actions) are therefore dismissed without prejudice on jurisdictional grounds.[3]

---

[3] Hurley and Patel also requested in their briefing to stay this action pending resolution of the administrative claim. (Hurley Opp. at 2). Mr. Patel joined plaintiff's request for a stay. (Patel Opp. at 2). As established *supra*, the lack of subject matter jurisdiction is not cured by a subsequent invocation and exhaustion of administrative remedies. *See McNeil*, 508 U.S. at 111–12; *Hoffenberg*, 154 F. App'x at 310. A stay, in the absence of subject-matter jurisdiction, would be futile, as the issue is moot.

### III. Conclusion

For the reasons set forth above, the motions of the United States (Dkt. No. 19-cv-15624 DE 5; Dkt. No. 19-cv-15632 DE 3) to dismiss the complaint is **GRANTED**. Leave to amend is denied as futile. The remaining state law claims asserted against Mr. Patel are dismissed on jurisdictional grounds, without prejudice.

An appropriate order follows.

Dated: December 19, 2019

_____
**Kevin McNulty**
**United States District Judge**